IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:23-cv-797

| | |
|---|---|
| CARL T. LAMBETH and wife, AMY LIXL-PURCELL; CHRISTOPHER J. ESCHWEILER and wife, JULIE MABE ESCHWEILER; DDC LAND TRUST, by and through JULIE MABE ESCHWEILER, as Trustee,<br><br>      Plaintiffs,<br><br>v.<br><br>CITY OF HIGH POINT; CITY COUNCIL OF THE CITY OF HIGH POINT; GUILFORD COUNTY SCHOOLS; GUILFORD COUNTY; GUILFORD COUNTY BOARD OF EDUCATION; RONALD O. PERDUE; STACK FAMILY, LLC,<br><br>      Defendants. | **DEFENDANT STACK FAMILY, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND, IN THE ALTERNATIVE, MOTION FOR JUDGMENT ON THE PLEADINGS** |

Defendant Stack Family, LLC ("Defendant Stack"), by and through counsel, pursuant to Rules 12(b)(1) and 12(c) of the Federal Rules of Civil Procedure, presents this Memorandum of Law in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction and, in the Alternative, Motion for Judgment on the Pleadings (the "Motion").

1

## NATURE OF THE MATTER BEFORE THE COURT

Plaintiffs' Amended Complaint (hereafter, "Am. Compl.") contains the following three claims for relief against Stack: (i) a declaratory judgment that the re-zoning of certain real property is unconstitutional under the Second Amendment of the United States Constitution and Article I, Section 30, of the North Carolina Constitution; (ii) a declaratory judgment that the re-zoning of the real property was unconstitutional as it was arbitrary, capricious, unreasonable, or illegal; and (iii) a declaratory judgment holding that the re-zoning was illegal contract zoning.

Defendant Stack denies that Plaintiffs are entitled to any of the relief requested in the Amended Complaint and moves the Court to dismiss Defendant Stack from this action pursuant to Federal Rule of Civil Procedure 12(b)(1) as moot or, alternatively, enter Judgment on the Pleadings in favor of Defendant Stack pursuant to Federal Rule of Civil Procedure 12(c).

## SUMMARY OF FACTS

On September 19, 2023, Defendant Stack sold a parcel of real property (the "Former Stack Property") to Defendant Guilford County Board of Education ("Defendant Board of Education"), as shown by the Special Warranty Deed recorded in Book 8765, Page 164 of the Guilford County

Registry (the "Stack Deed").[1] (ECF No. 25-1). This conveyance gave the Board of Education ownership of the Former Stack Property in fee simple. Defendant Stack presently owns no interest in the Former Stack Property. *See id.*

In June 2023, while the Former Stack Property was still owned by Defendant Stack, the City of High Point annexed and rezoned the Former Stack Property from Guilford County Agricultural District to City of High Point Conditional Zoning Institutional (CZ-I) District. (Am. Compl. ¶¶ 29-31). Defendant Board of Education, as the school system Defendant Guilford County Schools, applied for re-zoning of the Former Stack Property. (Am. Compl. ¶ 30). Defendant Stack, along with other parties, is a signatory to Defendant Board of Education's zoning application. (Am. Compl. ¶ 30). The re-zoning allows for several uses of the Former Stack Property, including use as a school building. (Am. Compl. ¶ 40). The Amended Complaint alleges that the re-zoning occurred so that the Former Stack Property could be used by Guilford

---

[1] Documents attached to the Answer are part of the pleadings for Rule 12(c) purposes, and may be considered without converting a motion or judgment on the pleadings into a motion for summary judgment if the documents are central to the plaintiff's claim and the authenticity is not challenged. *Mendenhall v. Hanesbrands, Inc.*, 856 F.Supp.2d 717 (M.D.N.C. 2012). Here, the ownership of the Former Stack Property is central to Plaintiffs' claims and there can be no challenge to the authenticity of a duly recorded deed, which is a public record and of which this Court can also take judicial notice.

1797152v1

County Schools the site for a kindergarten – 8th grade school facility. (Am. Compl. ¶¶ 32-34).

Plaintiffs, who own real property that is adjacent to the Former Stack Property, allege they have an easement over portions of the Former Stack Property for the purposes of ingress and egress from their property via a private road named Gray Lane (the "Easement"). (Am. Compl. ¶ 20). Plaintiffs allege that the Easement is the only existing manner of ingress or egress to or from the Plaintiffs' properties, and the Easement connects the Plaintiffs' land with the nearest public road (South Bunker Hill Road). (Am. Compl. ¶¶ 24-26). Plaintiffs allegedly own firearms and wish to occasionally transport those firearms across the Former Stack Property by means of the Easement, as it is purportedly their only means of accessing a public road. (Am. Compl. ¶¶ 44-47). Plaintiffs allege that the re-zoning by the City of High Point deprives them of their right to bear arms under the Second Amendment of the United States Constitution and Article I, Section 30 of the North Carolina Constitution. (Am. Compl. ¶¶ 48-49).

Given that Defendant Stack does not own the Former Stack Property, and that the disposition of the claims in this action will in no way impact the rights or obligations of Defendant Stack, Defendant has filed the Motion contemporaneously with this Memorandum of Law and requests that the

4

Court dismiss Defendant Stack from this action or, in the alternative, grant judgment on the pleadings in favor of Defendant Stack.

## QUESTIONS PRESENTED

**I.** **Are the claims against Defendant Stack moot because Defendant Stack does not own the Former Stack Property?**

**II.** **Is Defendant Stack, a party with no legal interest in the outcome of Plaintiffs' claims, entitled to judgment as a matter of law on Plaintiffs' claims?**

**III.** **Is Defendant Stack a necessary party to this action because it signed the zoning application for the Former Stack Property?**

## STANDARDS OF REVIEW

**I.** **Motion to Dismiss for Lack of Subject Matter Jurisdiction**

A motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is the appropriate means for challenging the mootness of a case as the "doctrine of mootness constitutes part of the constitutional limits of federal court jurisdiction . . . ." *Brooks v. Vassar*, 462 F.3d 341, 348 (4th Cir. 2006). "A case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (quoting *Powell v. McCormack* 395 U.S. 486, 496 (1969).

"The burden of showing subject matter jurisdiction on a Rule 12(b)(1) motion rests with the plaintiff, as the party invoking it." *Adams v. Bain,* 697

1797152v1

F.2d 1213, 1219 (4th Cir. 1982). "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the district court is to regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Thiessen v. Stewart-Haas Racing, LLC*, 311 F. Supp. 3d 739, 743 (M.D.N.C. 2018). Where a defendant challenges the factual basis for subject matter jurisdiction, as here, the district court "should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (1991).

## II. Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings. The legal standard for evaluating a motion for judgment on the pleadings is the same as that as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Nat'l Quarry Servs., v. First Mercury Ins. Co., Inc.*, 372 F. Supp. 3d 296, 301 (M.D.N.C. 2019) (citing *Occupy Columbia v. Haley*, 738 F.3d 107, 115-16 (4th Cir. 2013)). However, unlike a motion to dismiss pursuant to Rule 12(b)(6), a

6

court ruling on a motion under Rule 12(c) may consider the answer as well as the complaint, and "the factual allegations in the answer are taken as true to the extent they have not been denied or do not conflict with the complaint." *Mendenhall*, 856 F. Supp.2d 717, 724.

A judgment on the pleadings is appropriate "when, taking all of the non-moving party's factual allegations as true, no genuine issues of material fact remain and the case can be determined as a matter of law." *Smith v. McDonald*, 562 F.Supp. 829, 842 (M.D.N.C. 1983), aff'd, 737 F.2d 427 (4th Cir.1984), aff'd, 472 U.S. 479, 105 S.Ct. 2787, 86 L.Ed.2d 384 (1985). In order for a claim to be facially plausible, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable" and must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When ruling, a court must accept the complaint's factual allegations as true. *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

1797152v1

## ARGUMENT

### I. The Court Lacks Subject Matter Jurisdiction over Defendant Stack because Plaintiffs' Claims against Defendant Stack are Moot.

"Article III of the United States Constitution requires that there be a live case or controversy at the time that a federal court decides the case." *Burke v. Barnes*, 479 U.S. 361, 363 (1987). When a case or controversy ceases to exist, the litigation is moot, and the court's subject matter jurisdiction ceases to exist also." *Glob. Impact Ministries, Inc. v. City of Greensboro*, No. 1:20CV329, 2021 WL 1178235 at *3 (citing *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, 789 F.3d 475, 482 (4th Cir. 2015)). Thus, "[i]f an intervening circumstance deprives [a party] of a 'personal stake in the outcome of the lawsuit[]' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013)). Specifically, where a legal challenge to the validity of a zoning decision is ongoing and the subject property is sold by a litigant, such sale moots any controversy between the former owner and the other litigants, as there is no remaining interest in the subject property sufficient to give rise to any such case or controversy. *See, e.g., Messer v. Town of Chapel Hill*, 346 N.C. 259 (1997).

1797152v1

In *Messer*, a state court case that is persuasive and involved nearly identical facts, the owner of a tract of land brought suit against a town to challenge the constitutionality of a rezoning decision. 346 N.C. 259. During the pendency of the lawsuit and appeals process, the owner of the subject property sold the property in question to a third party. *Id.* at 260. The North Carolina Supreme Court noted that:

> [s]tanding to challenge the constitutionality of a legislative enactment exists where the litigant has suffered, or is likely to suffer, a direct injury as a result of the law's enforcement.... Standing is initially determined by whether an actual controversy exists between the parties when the action is filed.... However, whenever during the course of litigation it develops that … the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain an action merely to determine abstract propositions of law. If the issues before the court become moot at any time during the course of the proceedings, the usual response is to dismiss the action."

*Id.* (internal citations omitted). The *Messer* court expressly held that the transfer of the subject property from the plaintiff to a third party "clearly moots any controversy between him [and the defendant] as to the constitutionality of the amendment to the zoning ordinance." *Id.* at 261. While *Messer* concerned the impact of the plaintiff selling property that was the subject of the action as compared to the defendant, the legal principles apply equally in either case: where a party's connection to the litigation exists solely by virtue of that party's

9

ownership of real property, the sale of that real property during the litigation moots the controversy as to the former owner.

In the instant case, any controversy that did or could have existed between Plaintiffs and Defendant Stack has been extinguished by Defendant Stack's sale of the Former Stack Property. Plaintiffs seek only declaratory relief from Defendant Stack regarding the validity, legality, and constitutionality of the re-zoning of the Former Stack Property (Am. Compl. ¶¶ 71-103). The Complaint specifically asks the Court to declare the re-zoning as an unconstitutional restraint on the Plaintiffs' right to bear arms, declare the re-zoning as arbitrary, capricious, or illegal, or declare the re-zoning as illegal contract zoning. (*Id.*) Plaintiffs did not seek injunctive relief in the Amended Complaint to enjoin the sale of the Former Stack Property prior to the transfer, nor does the Amended Complaint seek any other relief from or against Defendant Stack. (*Id.*) Additionally, Plaintiffs do not accuse Defendant Stack of any wrongdoing or ask this Court for any affirmative relief as related to Defendant Stack. (*Id.*)

Because Defendant Stack no longer owns the Former Stack Property, and conveyed its interest in the Former Stack Property to the Guilford County Board of Education by way of the Stack Deed, Defendant Stack no longer has an interest in the outcome of this case. Accordingly, Defendant Stack no longer

1797152v1

has a cognizable interest in the litigation and no "live controversy" exists between Plaintiffs and Defendant Stack. Ultimately, even if Plaintiffs were to receive a declaration from this Court that the re-zoning was unconstitutional or illegal and the re-zoning is ultimately reversed, it will have no effect on Defendant Stack, as Defendant Stack does not have an interest in the Former Stack Property. As such, Plaintiffs cannot "enjoy relief" as it pertains to Defendant Stack in this case, mooting their claims as to Defendant Stack. Thus, the claims asserted against Defendant Stack should be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II. In the Alternative, Defendant Stack Is Entitled to Judgment as a Matter of Law on Plaintiffs' Claims Because No Active Controversy Exists Between Plaintiff and Defendant Stack.

Because Defendant Stack no longer owns the Former Stack Property, any decision from this Court regarding the pending claims can have no impact on Defendant Stack such that there is no active controversy between Plaintiffs and Defendant Stack. "In adjudicating claims for declaratory relief, federal courts apply the federal Declaratory Judgment Act, 28 U.S.C. § 2201, rather than state analogues such as North Carolina General Statute § 1-253." *Williams v. Williams*, No. 1:20CV904, 2022 WL 1720147 at *4 (M.D.N.C. May 27, 2022), <u>aff'd,</u> No. 22-1679, 2022 WL 17249694 (4th Cir. Nov. 28, 2022). Federal courts sitting in diversity may enter declaratory judgments pursuant

11

to 28 U.S.C. § 2201 if three conditions are met: (1) the complaint alleges an "actual controversy" between the parties "of sufficient immediacy and reality to warrant issuance of a declaratory judgment"; (2) the court has subject matter jurisdiction over the parties, independent of the request for declaratory relief; and (3) the court does not abuse its discretion in exercising jurisdiction. *Volvo Construction Equipment North America, Inc. v. CLM Equipment Co., Inc.*, 386 F.3df 581, 592 (4th Cir. 2004). Actions for declaratory judgment involve "concrete legal issues, presented in actual cases." *Bethel v. Rogers*, No. 1:20CV330, 2022 WL 4585809 at *3 (M.D.N.C. Sept. 29, 2022) (quoting *Golden v. Zwickler*, 349 U.S. 103, 108 (1969)). A plaintiff cannot be granted declaratory relief unless an "actual controversy" exists. *Id.* (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 272 (1941)). Ultimately, the "actual controversy" requirement for declaratory judgment claims is identical to the Article III requirement discussed above with respect to subject matter jurisdiction. *Williams*, No. 1:20CV904, 2022 WL 1720147 at *4 (citing *Aetna Casualty & Surety Co. v. Haworth*, 300 U.S. 227, 239-41 (1937).

In *Beach Mart, Inc. v. L&L Wings Inc.*, the defendant brought claims for declaratory relief against various parties in the action to determine the rights of the parties as to the use of a trademark. No. 2:11-CV-00044-F, 2015 WL 7302509 (E.D.N.C. Nov. 18, 2015). However, over the course of the litigation,

12

some of the parties disclaimed their interest in the trademark at issue. *Id.* at *2. Due to these disclaimers, the court granted the motions for judgment on the pleadings as to the claims requesting declaratory relief, as there was no longer a "continuing case or controversy" involving the ownership of the trademark that was the subject of the dispute. *Id.* at *3-4. In short, because the moving parties no longer had any interest in the property that was the subject of the declaratory judgment claim, they were entitled to judgment on the pleadings because the "continuing case or controversy" requirement was no longer met.

Here, Plaintiffs' Amended Complaint contains three separate claims for declaratory judgment. Ultimately, each request, although asserting distinct legal theories, seeks a declaration from this Court that the zoning decision made by the City of High Point is unconstitutional or illegal. As detailed above, Defendant Stack no longer has an interest in the re-zoning of the Subject Property. Any decision made by this Court concerning the validity or constitutionality of the re-zoning of the Former Stack Property will have no impact on Defendant Stack, as Defendant Stack has no remaining interest in the Former Stack Property. As such, there is no "active controversy" between Plaintiffs and Defendant Stack involving the Former Stack Property. As such,

13

Defendant Stack is entitled to judgment as a matter of law in its favor on Plaintiffs' three claims against Defendant Stack for declaratory judgment.

## III. Defendant Stack's Signing of the Zoning Application Does Not Make It a Necessary Party to this Action.

Defendant Stack no longer owns the Former Stack Property. Defendant Stack's sole remaining connection to this case is that, when it owned the Former Stack Property, it signed the re-zoning application. However, as a matter of law, Defendant Stack, a mere signatory on a re-zoning application, is not a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure.

Rule 19 of the Federal Rules of Civil Procedure provides that:

(a) *Persons Required to Be Joined if Feasible.*

    (1) *Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:*

        *(A) in that person's absence, the court cannot accord complete relief among existing parties; or*

        *(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:*

            *(i)    as a practical matter impair or impede the person's ability to protect the interest . . . .*

Fed. R. Civ. P. 19(a) (2023). As stated above, Defendant Stack has no interest in the Former Stack Property, nor does it have any legal right that

1797152v1

could be affected by the outcome of this litigation, due to its sale of the Former Stack Property. This Court can determine the validity and/or constitutionality of the re-zoning in the absence of Defendant Stack, and Defendant Stack has no interest in the Former Stack Property or its zoning designation which needs to be protected. As such, Defendant Stack is not a necessary party under Rule 19 of the Federal Rules of Civil Procedure.

Additionally, North Carolina's General Statutes and a review of cases involving legislative re-zoning decisions decided by North Carolina courts make clear that zoning applicants are *not* necessary parties in actions challenging legislative re-zoning decisions.

A local government's decision to grant or deny a re-zoning is a legislative decision. N.C. Gen. Stat. § 160D-102(19). N.C. Gen. Stat. § 160D-1401 provides that challenges of legislative decisions of governing boards, including the validity or constitutionality zoning decisions, may be brought as declaratory judgment actions. That statute only lists "[t]he governmental unit making the challenged decision . . ." as a necessary party in such cases. N.C. Gen. Stat. § 160D-1401. In contrast, N.C. Gen. Stat. § 160D-1402, which provides that challenges to quasi-judicial decisions of governing boards may be challenged on appeal in the nature of certiorari, states that a zoning applicant is a necessary party in any action by a third-party challenging a quasi-judicial

1797152v1

decision by a public body. *See* N.C. Gen. Stat. § 160D-1402(d) ("If the petitioner is not the applicant before the decision-making board whose decision is being appealed, the petitioner shall also name that applicant as a respondent."). In other words, back-to-back statutes addressing judicial review of local planning and development regulations expressly list different necessary parties to each type of action, and the applicable statute does not require that re-zoning applicants be named as parties in challenges to legislative zoning decisions. This distinction in drafting reflects a clear intention by the General Assembly not to require re-zoning applicants as necessary parties in judicial challenges to legislative re-zonings.

Defendant Stack has been unable to identify any binding authority expressly holding that re-zoning applicants are not necessary parties to challenges of legislative re-zoning decisions through declaratory judgment suits. However, there is a substantial volume of cases involving challenges to legislative re-zoning decisions that were decided without the zoning applicants being named as a party. *See, e.g.*, *Musi v. Town of Shallotte*, 200 N.C. App. 379 (2009) (decision made without six zoning applicants being named in the lawsuit); *Morgan v. Nash Cnty.*, 224 N.C. App. 60 (2012) (holding that the challenged re-zoning was not illegal contract zoning without zoning applicant being named in the lawsuit); *Good Neighbors of Oregon Hill Protecting Prop.*

1797152v1

*Rights v. Cnty. of Rockingham*, 242 N.C. App. 280 (2015) (holding that re-zoning did not constitute spot zoning made without landowner zoning applicants being named in the lawsuit).

In this case, Plaintiffs are seek declaratory relief as to the *legislative* re-zoning decision made by the City of High Point. If the General Assembly had intended for re-zoning applicants to be necessary parties to actions challenging *legislative* decisions of public bodies, it would have explicitly included that language in the statute, as it did in the subsequent statute involving quasi-judicial decisions. Additionally, the abundant case law from courts assessing the validity of legislative re-zoning decisions without the presence of zoning applicants as parties to those cases further demonstrates that re-zoning applicants are not necessary parties in such cases. As such, Defendant Stack, whose only remaining connection to this case is that it signed the zoning application for the Former Stack Property, is not a necessary party in this case.

## CONCLUSION

For the foregoing reasons, Defendant Stack asks the Court to dismiss the claims of the Amended Complaint as asserted against Defendant Stack as moot, in accordance with Federal Rule of Civil Procedure 12(b)(1), or alternatively that the Court enter a Judgment on the Pleadings in favor of

17

Defendant Stack as related to the claims against it, in accordance with Federal Rule of Civil Procedure 12(c).

This the 18th day of December, 2023.

/s/ Benjamin P. Hintze
Brandy L. Mansouraty
N.C. State Bar No. 41447
bmansouraty@tuggleduggins.com
Benjamin P. Hintze
N.C. State Bar No. 49270
bhintze@tuggleduggins.com
TUGGLE DUGGINS P.A.
P.O. Box 2888
Greensboro, NC 27402
Telephone: 336-378-1431
Facsimile: 336-274-6590
*Attorneys for Defendant Stack Family, LLC*

1797152v1

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing document complies with the type-volume limitations of L.R. 7.3(d)(1) and contains no more than 6,250 words, excluding those portions exempted by the rule.

This the 18th day of December, 2023.

/s/ Benjamin P. Hintze
Benjamin P. Hintze
NC State Bar 49270
*Attorneys for Defendant Stack Family, LLC*

1797152v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was this date electronically filed and served on the below parties to this action through the Court's CM/ECF system:

| | |
|---|---|
| Stephen G. Rawson srawson@tharringtonsmith.com **THARRINGTON SMITH, LLP** P.O. Box 1151, Raleigh, NC 27602 *Attorneys for Guilford County Board of Education and Guilford County Schools* | Alan B. Powell apowell@rhrlaw.com Andrew D. Irby airby@rhrlaw.com **ROBERSON HAWORTH & REESE PLLC** P.O. Box 1550 High Point, NC 27261 *Attorneys for Def. Ronald O. Perdue* |
| Matthew L. Mason mmason@guilfordcountync.gov OFFICE OF GUILFORD CO. ATTY 301 W. Market Street, Suite 301 Greensboro, NC 27401 Patrick M. Kane pkane@foxrothschild.com P.O. Box 21927 Greensboro, NC 27420 *Attorneys for Def. Guilford County* | Nicholas E. Tosco *ntosco@poynerspruill.com* John Michael Durnovich *jmd@poynerspruill.com* **POYNER SPRUILL LLP** 301 S. College Street, Suite 2900 Charlotte, NC 28202-6021 *Attorneys for Def. City of High Point* |
| David S. Pokela dpokela@maynardnexsen.com Jacob Farrell jfarrell@maynardnexsen.com Olivia F. Fajen OFajen@maynardnexsen.com **Maynard Nexsen PC** 800 Green Valley Road, Suite 500 Greensboro, NC 27408 *Attorney for Plaintiff* | |

This the 18th day of December, 2023.

1797152v1

/s/ Benjamin P. Hintze
Benjamin P. Hintze
NC State Bar No. 49270
bhintze@tuggleduggins.com
*Attorneys for Defendant Stack Family, LLC*

OF COUNSEL:

TUGGLE DUGGINS P.A.
P.O. Box 2888
Greensboro, NC 27402
Telephone: (336) 378-1431 / Facsimile: (336) 274-6590

1797152v1